UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL DWAYNE HALL,

             Plaintiff,

    v.

DEUEL VOCATIONAL INSTITUTION
et al.,

             Defendants.

No.  2:13-cv-0746 DAD P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
§ 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This
proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §
1915(a).  Accordingly, the court will grant plaintiff's request to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2 1915(b)(2).

3 **SCREENING REQUIREMENT**

4      The court is required to screen complaints brought by prisoners seeking relief against a
5 governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9 U.S.C. § 1915A(b)(1) & (2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21 However, in order to survive dismissal for failure to state a claim a complaint must contain more
22 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28 /////

1   The Civil Rights Act under which this action was filed provides as follows:

2   Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
3   deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
4   law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13  their employees under a theory of respondeat superior and, therefore, when a named defendant

14  holds a supervisorial position, the causal link between him and the claimed constitutional

15  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19  **PLAINTIFF'S COMPLAINT**

20  In his complaint, plaintiff has identified approximately twenty defendants.  Moreover, the

21  allegations of plaintiff's complaint are difficult to decipher.  However, plaintiff's primary

22  complaint appears to be that a nurse told him that she was going to give him a shot for Hepatitis C

23  and D prevention, but in actuality it was a hormone shot.  According to plaintiff, others have also

24  put hormone pills directly in his food.  As a result of these hormones, plaintiff alleges that his

25  body has undergone changes.  For example, plaintiff alleges that his pecks are "blown up" and his

26  skin sags a little.  Plaintiff also alleges that correctional officers have made derogatory statements

27  about him and spread rumors about him throughout the prison system, thereby placing his safety

28  at risk.  (Compl. at 3-5.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the court must dismiss his complaint. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. As noted, in his complaint plaintiff has named approximately twenty defendants, but he does not link any specific defendant to the wrongdoing he describes in his allegations. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Insofar as plaintiff is trying to state an Eighth Amendment claim for cruel and unusual punishment, he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good

1  faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

2  Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain

3  "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503

4  U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  However, plaintiff must allege facts showing

5  that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant

6  had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.

7  Seiter, 501 U.S. 294, 298-99 (1991).

8       Plaintiff is informed that the court cannot refer to a prior pleading in order to make

9  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

10  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

12  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

13  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

14  and the involvement of each defendant must be sufficiently alleged.

15  **OTHER MATTERS**

16       Plaintiff has filed two motions for appointment of counsel.  The United States Supreme

17  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

18  in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

19  exceptional circumstances, the district court may request the voluntary assistance of counsel

20  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

21  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22       The test for exceptional circumstances requires the court to evaluate the plaintiff's

23  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

24  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

25  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

26  common to most prisoners, such as lack of legal education and limited law library access, do not

27  establish exceptional circumstances that would warrant a request for voluntary assistance of

28  counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, the court will deny plaintiff's motions for appointment of counsel.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motions for appointment of counsel (Doc. Nos. 8 & 9) are denied.

Dated:  November 7, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall0746.14a

6