UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DWAYNE HALL, | No. 2:13-cv-0746 DAD P |
| Plaintiff, | |
| v. | ORDER |
| DEUEL VOCATIONAL INSTITUTION et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

8    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9    However, in order to survive dismissal for failure to state a claim a complaint must contain more

10   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11   allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

12   U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

13   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15   doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16   The Civil Rights Act under which this action was filed provides as follows:

17   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
18   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
19   law, suit in equity, or other proper proceeding for redress.

20   42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

21   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

22   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

24   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

25   omits to perform an act which he is legally required to do that causes the deprivation of which

26   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28   their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff has identified more than twenty defendants in this action.  Plaintiff alleges that on the day he arrived at Deuel Vocational Institution ("DVI") he received a shot for the prevention of Hepatitis A, B, C, and D.  According to plaintiff, since that day, he has experienced various changes in his body ("deformations") that only gay men supposedly exhibit.  Plaintiff alleges that the shot has had an unhealthy effect on him both psychologically and physically.  Plaintiff further alleges that throughout his time at DVI, defendants have spread rumors about him being gay and have called him derogatory names.  Finally, plaintiff alleges that defendants have served him food with half portions and/or spit in his food.  (Am. Compl. at 8 & Attach.)

## DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interest of justice and out of an abundance of caution, the court will grant plaintiff leave to file a second amended complaint.

/////

If plaintiff chooses to file a second amended complaint, plaintiff should clarify which of his constitutional rights he believes each defendant has violated and support each such claim with factual allegations about the defendant's actions. Plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff believes that defendants violated his right to adequate medical care by providing him with an improper shot, he should state so clearly in his second amended complaint and explain who was involved in administering his medical care. Plaintiff is advised, however, that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

In any second amended complaint he may elect to file, plaintiff will need to allege facts demonstrating how any defendant's actions rose to the level of "deliberate indifference." Plaintiff is cautioned that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In

1  determining deliberate indifference, we scrutinize the particular facts and look for substantial
2  indifference in the individual case, indicating more than mere negligence or isolated occurrences
3  of neglect.").

4  In addition, with regards to plaintiff's complaint that the defendants had spread rumors
5  about him being gay, he is advised that allegations of verbal harassment or abuse alone do not
6  violate the Constitution.  Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski
7  v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not
8  state a constitutional deprivation under § 1983).  On the other hand, if plaintiff believes he was
9  harmed by a fellow inmate because of defendants' alleged rumors, he may be able to state a
10 cognizable claim for failure to protect under the Eighth Amendment.

11 To state a failure to protect claim, plaintiff must allege facts that, if proven, would
12 objectively establish that he suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511
13 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also
14 allege that subjectively each named defendant had a culpable state of mind in allowing or causing
15 the plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.  Plaintiff is advised that a prison
16 official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of
17 serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at
18 847.  Under this standard, a prison official must have a "sufficiently culpable state of mind," one
19 of deliberate indifference to the inmate's health or safety.  Id.

20 Finally, insofar as plaintiff complains about half portions and spit in his food as a form of
21 cruel and unusual punishment, he is advised that only those deprivations denying "the minimal
22 civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth
23 Amendment violation."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  In this regard,
24 complaints regarding the routine discomfort inherent in the prison setting are inadequate to satisfy
25 the objective prong of an Eighth Amendment inquiry.  In any second amended complaint plaintiff
26 elects to file, he will need to explain how the conditions he complains of rise to the level of this
27 Eighth Amendment standard.
28 /////

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 17) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  July 31, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall0746.14am