| | |
|---|---|
| | |

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TERRELL DWAYNE HALL, | No.  2:13-cv-0746 AC P |
| 12       Plaintiff, | |
| 13     v. | ORDER |
| 14  DEUEL VOCATIONAL INSTITUTION et al., | |
| 15 | |
| 16       Defendants. | |

17                              INTRODUCTION

18        Plaintiff is a former state prisoner who was paroled after commencing this prisoner civil

19   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se and in forma pauperis with

20   his proposed Second Amended Complaint (SAC).  See ECF No.22; see also ECF No. 34.

21        Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes pursuant

22   to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 4.  For the reasons set forth below,

23   this court dismisses the SAC with leave to file a Third Amended Complaint.

24           SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

25        I.      Legal Standards for Screening a Prisoner Civil Rights Complaint

26        The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim.  The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

II.     Allegations of Plaintiff's SAC

In his SAC, plaintiff contends that in December 2012, during his physical examination when initially incarcerated, plaintiff was administered an injection, reportedly against hepatitis,

that allegedly caused significant changes to his entire body resulting in overt feminization.  See

ECF No. 22.  These changes have been distressing to plaintiff, both privately and due to the

responses of inmates and prison staff.  Plaintiff alleges that he was subjected to relentless verbal

harassment and name calling, the tampering of his food, and intentional obstruction in his

attempts to exhaust administrative remedies.  In the SAC, which names more than thirty

defendants, plaintiff seeks damages, "medical fees payed for the massive surgery I need," fees

and costs, and a "public apology for the defamation."  Id. at 3.

III.    Analysis

Several overarching problems beset the SAC.  First, the complaint contains myriad

unrelated factual allegations and putative claims against numerous defendants.  Although a

plaintiff may join multiple claims against a single defendant, he may not pursue unrelated claims

against different defendants in the same action.  As explained by the Seventh Circuit Court of

Appeals:

> The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party
> asserting a claim, . . . may join, as independent or as alternate
> claims, as many claims . . . as the party has against an opposing
> party.'  Thus multiple claims against a single party are fine, but
> Claim A against Defendant 1 should not be joined with unrelated
> Claim B against Defendant 2.  Unrelated claims against different
> defendants belong in different suits, not only to prevent the sort of
> morass [a multiple claim, multiple defendant] suit produce[s], but
> also to ensure that prisoners pay the required filing fees - for the
> Prison Litigation Reform Act limits to 3 the number of frivolous
> suits or appeals that any prisoner may file without prepayment of
> the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of

defendants not permitted unless both commonality and same transaction requirements are

satisfied).

Second, most of plaintiff's allegations fail to assert the requisite causal link between the

challenged conduct, a specific defendant, and a clearly identified constitutional violation.

Examples include the following:  Plaintiff alleges that the challenged injection was administered

by "RN Sally T. Legaspi or Pashtoon Safi PA," SAC, ECF No. 22 at 3; plaintiff alleges that

correctional counselor Mrs. Thomas "was part of a crew that spread rumor[s] back in 08-09 and

3

1    spit in and put stuff in my food; Her, M. Sur, J.C. Mondoza, Perail, Uribia and McQuire," id. at 7;

2    and plaintiff alleges that he "addressed these issues to the head psychs Doctor, Dr. R. Mora, Ph.

3    D., Dr. Neies, and Clinician N. Booth," naming both Mora and Neies as defendants, id. at 11.

4         These allegations lack the requisite "linkage" to support a civil rights claim. "A person

5    'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

6    does an affirmative act, participates in another's affirmative acts or omits to perform an act which

7    he is legally required to do that causes the deprivation of which complaint is made." Johnson v.

8    Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th

9    Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and

10   responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

11   constitutional deprivation."). There can be no liability under 42 U.S.C. § 1983 unless there is

12   some affirmative link or connection between a specific defendant's actions and the claimed

13   deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

14   Cir. 1980); Johnson, supra, 588 F.2d at 743.

15        Third, plaintiff's factual allegations fail to support the elements of his putative claims.

16   For example, to state a claim for deliberate indifference, a prisoner must allege that a prison

17   official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must

18   both be aware of the facts from which the inference could be drawn that a substantial risk of

19   serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

20   (1994). Plaintiff's allegations concerning the challenged injection fail to support these elements.

21        Further, "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional

22   deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)

23   (citation and internal quotation omitted). Even "[a] mere threat may not state a cause of action"

24   under the Eighth Amendment, even if it is a threat against exercising the right of access to the

25   courts. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); see also Corales v. Bennett,

26   567 F.3d 554, 564-65 (9th Cir. 2009). Only verbal harassment clearly intended to humiliate or

27   endanger the inmate may, in certain circumstances, violate the Constitution. See Somers v.

28   Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

amended by 135 F.3d 1318 (9th Cir. 1998); see also Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (finding potentially cognizable Eighth Amendment claim based on the plaintiff's allegation that a correctional officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death").

In plaintiff's favor, however, is the recent ruling that former prisoners are not required to demonstrate administrative exhaustion if their amended complaints are filed after their release from incarceration. See Jackson v. Fong, __ F.3d. __, 2017 WL 3758338, at *7, 2017 U.S. App. LEXIS 16759, at *17, Court of Appeal Case No. 15-15547 (9th Cir. Aug. 31, 2017) ("A plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a PLRA exhaustion defense.").

For these many reasons, the SAC must be dismissed. Plaintiff will be accorded one final opportunity to file a further amended complaint that is sufficiently narrow in scope, with explicit factual allegations against individual defendants that support cognizable legal claims.

IV.     Summary

The court has screened your SAC and finds that it fails to state a cognizable claim against any defendant. The factual allegations of the SAC are too wide-ranging and imprecise to identify the challenged conduct of each defendant or, therefore, to support the elements of a cognizable legal claim against any defendant. The format of the SAC, commonly known as a "shotgun" complaint, contains too many unrelated factual allegations and putative claims against too many defendants. Therefore, this court is dismissing your SAC with leave to file a Third Amended Complaint (TAC). This will be your final opportunity to file a cognizable complaint. Failure to file an adequate TAC, or to respond to this order, will result in the dismissal of this action without prejudice.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint is dismissed with leave to amend.

2. Plaintiff may file a proposed Third Amended Complaint within thirty days after service of this order.

1    3. The Clerk of Court is directed to send plaintiff, together with service of this order, a

2  blank complaint form used by civil rights plaintiffs proceeding in this court pro se (plaintiff is no

3  longer incarcerated).

4    4. Failure to timely file a proposed Third Amended Complaint will result in the dismissal

5  of this action without prejudice.

6    SO ORDERED.

7  DATED: September 7, 2017

8    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28