UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DWAYNE HALL, | No. 2:13-cv-0746 AC P |
| Plaintiff, | |
| v. | ORDER |
| DEUEL VOCATIONAL INSTITUTION et al., | |
| Defendants. | |

Plaintiff moves for reassignment to the undersigned magistrate judge of all plaintiff's cases currently pending before this court. See ECF No. 42. In addition to the instant case, plaintiff has two open cases: (1) Hall v. San Joaquin County Jail et al., Case No. 2:13-cv-00324 AC P; and (2) Hall v. Macomber et al., Case No. 2:16-cv-02106 TLN EFB P. The first of these cases is already assigned to the undersigned; therefore, plaintiff's instant motion is construed as a motion to reassign Hall v. Macomber et al., Case No. 2:16-cv-02106 TLN EFB P to the undersigned magistrate judge. Such reassignment would require the approval of both the transferring and accepting magistrate judge. See Local Rules, Eastern District of California, Appendix A (Automated Case Assignment Plan), subd. (f).

Plaintiff is informed that the initial assignment of all cases in this federal district court is random, as implemented by the Automated Case Assignment System. See id., Appendix A.

Random judicial assignments ensure that every litigant has the same opportunity to appear before a given district judge and/or magistrate judge, and that the assessments of their cases will be neutral.

Absent a showing that a litigant's cases are related, as defined by Local Rule 123,[1] there is no basis for reassignment to the same presider. The court has compared the claims in the instant case with those in <u>Hall v. Macomber</u>, supra, Case No. 2:16-cv-02106 TLN EFB P, and finds that they do not meet the requirements for relation. The undersigned previously summarized plaintiff's claims in the instant case, alleged against twenty defendants at Deuel Vocational Institution (DVI), as set forth in his proposed Second Amended Complaint (SAC),[2] ECF No. 36 at 2-3:

> In his SAC, plaintiff contends that in December 2012, during his physical examination when initially incarcerated, plaintiff was administered an injection, reportedly against hepatitis, that allegedly caused significant changes to his entire body resulting in overt feminization. <u>See</u> ECF No. 22. These changes have been distressing to plaintiff, both privately and due to the responses of inmates and prison staff. Plaintiff alleges that he was subjected to relentless verbal harassment and name calling, the tampering of his food, and intentional obstruction in his attempts to exhaust administrative remedies. In the SAC, which names more than thirty defendants, plaintiff seeks damages, "medical fees payed for the

---

[1] Local Rule 123(a) provides in pertinent part:

> (a) Definition of Related Cases. An action is related to another action within the meaning of this Rule when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

[2] Plaintiff has since filed a proposed Third Amended Complaint, <u>see</u> ECF No. 41, which is pending the court's screening under 28 U.S.C. § 1915A.

2

massive surgery I need," fees and costs, and a "public apology for the defamation." Id. at 3.

In contrast, in Hall v. Macomber, all or most of the twenty-six defendants work at California State Prison Sacramento, not at DVI. The allegations in that case are more expansive than the medical matters pursued in the instant case, e.g., including alleged food tampering, excessive force and retaliation.

In short, plaintiff's claims in Hall v. Macomber and the instant case involve different parties, different claims, and different questions of fact and law. Cf. Local Rule 123(a)(1)-(3). Plaintiff's assertion that reassignment would nevertheless demonstrate to one presider the "partern of retaliational compariscy" (sic), ECF No. 42 at 1, is not persuasive. Such rationale seeks to undermine the independent and objective assessments otherwise achieved by random assignment of unrelated cases. Moreover, there is no indication that relating such dissimilar cases would reduce any "substantial duplication of labor." Local Rule 123(a)(4). For these several reasons, plaintiff's motion must be denied. The undersigned declines to request the reassignment of this case from the assigned magistrate judge.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to reassign Hall v. Macomber et al., Case No. 2:16-cv-02106 TLN EFB P, to the undersigned magistrate judge, ECF No. 42, is DENIED.

DATED: March 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3