UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DWAYNE HALL,<br><br>Plaintiff,<br><br>v.<br><br>DEUEL VOCATIONAL INSTITUTION et al.,<br><br>Defendants. | No. 2:13-cv-0746 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds with a proposed Third Amended Complaint (TAC), ECF No. 41, a motion for leave to amend, ECF No. 50, and two motions for appointment of counsel, ECF Nos. 47, 48, the latter including a vague request for extended time.

Plaintiff has consented to the jurisdiction of the Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, the undersigned recommends the dismissal of this action without prejudice for failure to exhaust administrative remedies, and the denial of plaintiff's pending motions as moot. Nevertheless, due to the lengthy period of time this case has been pending in this court, the undersigned recounts its procedural and substantive history.

II. Background

This case was previously assigned to another magistrate judge, who twice dismissed plaintiff's proposed complaints with leave to amend. The allegations in plaintiff's initial complaint (ECF No. 1) were found to be "so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief." ECF No. 14 at 4. The court recounted plaintiff's allegations as follows, id. at 3:

> [P]laintiff has identified approximately twenty defendants. Moreover, the allegations of plaintiff's complaint are difficult to decipher. However, plaintiff's primary complaint appears to be that a nurse told him that she was going to give him a shot for Hepatitis C and D prevention, but in actuality it was a hormone shot. According to plaintiff, others have also put hormone pills directly in his food. As a result of these hormones, plaintiff alleges that his body has undergone changes. For example, plaintiff alleges that his pecks are "blown up" and his skin sags a little. Plaintiff also alleges that correctional officers have made derogatory statements about him and spread rumors about him throughout the prison system, thereby placing his safety at risk.

In granting plaintiff leave to file an amended complaint, the court informed plaintiff of the requirements for stating cognizable claims under the Eighth Amendment and the necessity of linking the alleged violations of his constitutional rights with challenged conduct of specific defendants. Id. at 4-5.

Plaintiff's First Amended Complaint (FAC) (ECF No. 17) was also found to be vague and conclusory, and plaintiff was again granted leave to amend. ECF No. 19. The court additionally informed plaintiff of the limitations for stating a cognizable claim premised on verbal harassment or abuse, or based on the routine discomforts inherent in a prison setting. Id. at 5.

This case was assigned to the undersigned magistrate judge shortly after plaintiff filed his Second Amended Complaint (SAC). See ECF Nos. 22, 27. Due to plaintiff's failure to inform the court of his address following his release from prison, the court initially dismissed this action for failure to prosecute. See ECF Nos. 29, 30. However, plaintiff resumed contact with the court and the undersigned granted his request to reopen this case; the court accorded plaintiff the option of obtaining the court's screening of his SAC or filing a Third Amended Complaint. See ECF No. 33.

2

1    Plaintiff elected to proceed on his SAC. ECF No. 34. The SAC named more than thirty
2    defendants, and sought damages, "medical fees payed [sic] for the massive surgery I need," fees
3    and costs, and a "public apology for the defamation." Id. at 3. The SAC more specifically
4    alleged that the challenged injection was administered by "RN Sally T. Legaspi or Pashtoon Safi
5    PA," SAC, ECF No. 22 at 3; that correctional counselor Mrs. Thomas "was part of a crew that
6    spread rumor[s] back in 08-09 and spit in and put stuff in my food; Her, M. Sur, J.C. Mondoza,
7    Perail, Uribia and McQuire," id. at 7; and that plaintiff "addressed these issues to the head psychs
8    Doctor, Dr. R. Mora, Ph. D., Dr. Neies, and Clinician N. Booth," naming both Mora and Neies as
9    defendants, id. at 11.

The undersigned screened the SAC and found the allegations "too wide-ranging and imprecise to identify the challenged conduct of each defendant or, therefore, to support the elements of a cognizable legal claim against any defendant." ECF No. 36 at 5. Reiterating pertinent legal standards, the undersigned dismissed the SAC with leave to file a Third Amended Complaint (TAC) and informed plaintiff that: "This will be your final opportunity to file a cognizable complaint. Failure to file an adequate TAC . . . will result in the dismissal of this action without prejudice." ECF No. 35 at 6.

III.     Screening of TAC Pursuant to 28 U.S.C. § 1915A.

The court now screens plaintiff's proposed TAC pursuant to 28 U.S.C. § 1915A. A comprehensive review of all plaintiff's filings in this case demonstrate that he commenced this action without first exhausting his prison administrative remedies. Plaintiff conceded this fact with a "check mark" in his original complaint, and it has been underscored by the exhibits attached to his amended complaints. For this reason, this action must be dismissed without prejudice.

A.     Legal Standards for Screening a Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    B.  Allegations of the TAC

The TAC is a nine-page narrative with sixty pages of exhibits. The central allegation of the TAC (as in the preceding complaints) is that plaintiff was given an injection on December 4, 2012 that allegedly contained feminizing hormones, and that plaintiff has since been plagued with

lost muscle mass; sagging pectoral, arm and buttocks muscles; enlarged nipples; and a "sucked in jaw/feminine look." The TAC alleges that Physician Assistant (PA) Pashtoon Safi administered the injection, telling plaintiff it was a vaccination to prevent Hepatitis A and C. Plaintiff's exhibits include an "Immunology Record" which appears to indicate that on December 4, 2012, plaintiff received a tetanus booster and a combined Hepatitis A and B vaccine. See ECF No. 41 at 11-2. The Record is signed both by plaintiff (providing his informed consent) and Registered Nurse Sally T. Legaspi. Id. An Intake History and Physical Form was completed the same day by PA Pashtoon Safi. Id. at 13. Plaintiff alleges that the "vaccination injection was not what it was said to be . . . This act was barbarious and bold that it offends societys evolving sense of decency . . . [with] no penological justification" (sic). Id. at 1-2. Plaintiff states that he "never told staff RN, PA, MTA or DOC that [he] wanted a shot/injection of homo-prefered hormone nature." Id. at 2 (sic). Plaintiff became convinced in retrospect that the injection was the cause of his unwanted physical changes, alleging, "What . . . gave it away was she [PA Safi] continued to inject and even harder []when I pulled away and was like no" (sic). ECF No. 41 at 1.

The TAC also alleges that numerous correctional officers have harassed and verbally abused plaintiff for his feminine characteristics, telling inmates that plaintiff is gay; that he looks at "men stuff in the shower;" that he's "a jailhouse hoe" and "our bitch." ECF No. 41 at 2-3. The TAC does not identify defendants in a separate section but references them throughout the allegations, indicating that plaintiff is still attempting to sue more than thirty defendants.

The TAC also alleges that on December 30, 2012, correctional staff failed to adequately respond to plaintiff's earlier complaint that his food tray was not full, resulting in a dispute that landed plaintiff in administrative segregation for resisting an officer, and injury to plaintiff . Several of the exhibits to the TAC are intended to support plaintiff's allegations that he is routinely accorded inadequate food, both in quantity and nutritional quality, and that correctional staff water down and spit in his food.

////

////

////

C. Failure to Exhaust Administrative Remedies

1. Legal Standards

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). The administrative exhaustion requirement is based on the important policy concern that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204.

Other than three circumstances identified by the Supreme Court,[1] none of which are present here, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[s] judicial discretion . . . mean[ing] a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, see Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), the exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," id. at 1166; see also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when an affirmative defense appears on the face of the complaint).

If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal of the action without prejudice. See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

---

[1] The Supreme Court has identified three circumstances demonstrating the unavailability of an administrative remedy, viz., when the administrative procedure operates as a "simple dead end" or is "so opaque that it becomes, practically speaking, incapable of use," or when prison administrators thwart inmates from pursuing the procedure "through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60.

|     |                                                                                         |
| --- | --------------------------------------------------------------------------------------- |
| 1   | 2. <u>Plaintiff's Failure to Exhaust Administrative Remedies</u>                   |

2.  <u>Plaintiff's Failure to Exhaust Administrative Remedies</u>

In his initial form complaint, plaintiff "checked the box" stating that he had commenced but not completed pursuing his administrative remedies. <u>See</u> ECF No. 1 at 2. No exhibits were attached to the original complaint. In his FAC, plaintiff "checked the box" stating that the grievance process was completed. <u>See</u> ECF No. 17 at 2. However, the exhibits attached to the FAC indicate that none of the potentially relevant appeals were exhausted. Plaintiff made the same representation in his SAC, attaching many of the same exhibits. <u>See</u> ECF No. 22 at 2 et seq. The proposed TAC is not set forth on a complaint form and therefore does not expressly represent that the grievance process was completed. <u>See</u> generally ECF No. 41. However, the exhibits attached to the TAC are consistent with those attached to his FAC,[2] demonstrating the following:

- <u>Appeal Log No. DVI-X-13-00689</u>[3]

On April 5, 2013, ten days before he filed his original complaint in this action on April 15, 2013,[4] plaintiff submitted this appeal, alleging sexual harassment by several correctional officers and that plaintiff had been given an injection by a nurse that prevented him from gaining weight in his face. On April 8, 2013, the appeal was cancelled for lack of specification. On April 17, 2013, the appeal was cancelled as untimely. On May 9, 2013, plaintiff was informed that, upon further review, the appeal had been "split" and a "a staff complaint against a Registered Nurse . . . [was] forwarded to the Health Care Appeals Coordinator's office for review." <u>Id.</u> However, the exhibits include no further information concerning this Health Care Appeal. Thus, plaintiff has submitted no evidence to contradict the cancellation of Appeal Log No. DVI-X-13-00689 as untimely and therefore unexhausted.

////

---

[2] Plaintiff's exhibits include additional appeals filed before and after commencing this action, none of which are relevant or exhausted.
[3] <u>See</u> FAC, ECF No. 17 at 10-6; TAC, ECF No. 41 at 19-24.
[4] Filing dates referenced hereafter are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (establishing prison mailbox rule); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

- Appeal Log No. DVI-X-13-00690[5]

On April 6, 2013, nine days before he filed his original complaint in this action, plaintiff submitted this appeal, alleging that his food was contaminated and the servings inadequate. On April 8, 2013, and again on April 15, 2013, the appeal was rejected for lack of specificity and due to excessive submissions; plaintiff was informed that he should not resubmit the matter until April 22, 2013 to avoid its rejection as excessive. Although the exhibits do not include the resubmission of this appeal or claims, any subsequent appeal would be irrelevant in assessing exhaustion when plaintiff filed his original complaint.

### 3. Analysis

Review of the exhibits attached to plaintiff's amended complaints demonstrates that plaintiff failed to exhaust his administrative remedies on his claims before commencing this action. Although plaintiff is no longer incarcerated, he was incarcerated when he filed his original complaint. "[I]ndividuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)." Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009). Therefore, under the PLRA, this action must be dismissed without prejudice. See 42 U.S.C. § 1997e(a)); Jones, 549 U.S. at 223-24; Lira, 427 F.3d at 1175-76.

As a result, plaintiff's pending motions for leave to amend and for appointment of counsel must be denied as moot.

### IV. Summary

This action must be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies *before* filing his original complaint. Cf. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation").[6]

---

[5] See FAC, ECF No. 17 at 23-33; TAC, ECF No. 41 at 26-9.

[6] New claims based on actions that took place *after* the original complaint was properly filed are not barred under McKinney so long as the plaintiff exhausted the new claims prior to filing the amended complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012). Moreover, new claims based on actions that took place *before* the original complaint was properly filed are not barred under McKinney so

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before commencing this action; and

2. Plaintiff's motion for leave to amend, ECF No. 50, and motions for appointment of counsel, ECF Nos. 47 & 48, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

long as the plaintiff exhausted the new claims prior to filing the amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014). Neither of these principles helps plaintiff, because his original complaint contained no exhausted claim and therefore was not subject to amendment to add additional and newly exhausted claims.

9